UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE CREAMER,<br><br>                Petitioner,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFONIA,<br><br>                Respondent. | Case No. 1:22-cv-01475-NODJ-CDB (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PETITIONER'S FAILURE TO OBEY A COURT ORDER, FAILURE TO COMPLY WITH LOCAL RULES AND FAILURE TO PROSECUTE<br><br>**FOURTEEN (14) DAY DEADLINE** |

Petitioner Bruce Creamer is a state prisoner proceeding pro se and *in forma pauperis* in this proceeding for writ of habeas corpus under 28 U.S.C. § 2254, filed on November 15, 2022. (Doc. 1).

On December 1, 2023, the Court issued an order temporarily reassigning the case to No District Judge ("NODJ"). (Doc. 7). The Court served the order on Petitioner by U.S. Postal Service on the same day. On December 11, 2023, the U.S. Postal Service returned the order as "Undeliverable, Not in Custody[.]" To date, Petitioner has not updated his address with the Court.

As explained in the Court's first informational order, a party appearing pro se must keep the Court advised of his current address. (Doc. 4 at 2). Pursuant to Local Rule 183(b), "[i]f mail directed to a [petitioner] in *propria persona* by the Clerk is returned by the U.S. Postal Service"

1  and if the petitioner "fails to notify the Court and opposing parties within sixty-three (63) days
2  thereafter of a current address, the Court may dismiss the action without prejudice for failure to
3  prosecute." L.R. 183(b)

4  The Local Rules also provide that the "[f]ailure of counsel or of a party to comply
5  with . . . any order of the Court may be grounds for the imposition by the Court of any and all
6  sanctions . . . within the inherent power of the Court." L.R. 110. "District courts have inherent
7  power to control their dockets" and in exercising that power, may impose sanctions, including
8  dismissal of an action. *Thompson v. Hous. Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th
9  Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey
10 a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61
11 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone
12 v. U.S. Postal Serv.*, 833 F.2d 128, 130–31 (9th Cir. 1987) (dismissal for failure to comply with a
13 court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to
14 prosecute and to comply with local rules).

15 Despite the passage of more than sixty-three days since the U.S. Postal Service returned
16 the Court's order reassigning case, Petitioner has failed to notify the Court of his current address.
17 It appears that Petitioner has abandoned this action. Whether he has done so intentionally or
18 mistakenly is inconsequential. Petitioner bears the responsibility to comply with the Court's
19 orders and the Local Rules.

20 Accordingly, the undersigned RECOMMENDS that this action be DISMISSED without
21 prejudice for Petitioner's failure to obey a court order, comply with the Local Rules, and
22 prosecute this action.

23 These Findings and Recommendations will be submitted to the United States District
24 Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within fourteen**
25 **(14) days** from the date of service of these Findings and Recommendations, Petitioner may file
26 written objections with the Court. The document should be captioned, "Objections to Magistrate
27 Judge's Findings and Recommendations." Petitioner's failure to file objections within the
28 specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834,

839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 21, 2024**                              _____
                                                          UNITED STATES MAGISTRATE JUDGE

3